IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT J. BIAGAS, SR.,

      Plaintiff,                     No. CIV S-09-1401 GGH P

   vs.

MATTHEW CATE, et al.,

      Defendants.          ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. See, consent filed on May 28, 2009, docket # 5.

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.[1]

\\\\\

---

[1] Although plaintiff filed his complaint on May 20, 2009, he did not submit a completed affidavit to support his request for in forma pauperis status until July 27, 2009, in response to a court order, filed on June 16, 2009, with an extension of time granted by an order, filed on July 23, 2009.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

On the face of his complaint, plaintiff purports to sue the Secretary of the California Department of Corrections and Rehabilitation (CDCR), Matthew Cate, and the California Attorney General, Jerry Brown, on behalf of himself and "all similarly situated (ADA)." Complaint, p. 1.[2] Without ever adequately identifying how his own constitutional rights have been violated, plaintiff seeks to implicate these state officials for generic and undefined procedural due process violations under the Fifth and Fourteenth Amendments that arise due to prison overcrowding. Complaint, pp. 3-5. The only claim arguably related to his personal circumstances arises when he makes a vague, unsupported claim that he has a June 2, 2009, release date that is not being honored because it would somehow violate the "job security" of unnamed prison guards. Id., at 4. Plaintiff also seeks forms of relief that appear to be frivolous and outlandish: he asks that "all ADA similarly situated prisoners" be released "into the 21st century" (a literal inevitability which has, of course, already occurred with no assistance from any judicial body), and that each putative plaintiff receive one billion dollars as compensatory damages and another billion in the form of punitive damages. Complaint, p. 3.

---

[2] Only the court's electronic pagination is referenced.

1    In the first place, plaintiff, on the face of it, does not have standing to sue on
2 behalf of any party but himself.  Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982)
3 (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina
4 Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422
5 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974).  In the second place, plaintiff has made no motion
6 pursuant to Fed. R. Civ. P. 23, seeking to have the court certify the instant matter as a class
7 action.  Moreover, plaintiff is a non-lawyer proceeding without counsel.  It is well established
8 that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United
9 States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the
10 putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509
11 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect
12 the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.
13 See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Plaintiff's privilege to appear in
14 propria persona is a "privilege ... personal to him.  He has no authority to appear as an attorney
15 for others than himself."  McShane v. U. S., 366 F.2d 286, 288 (9th Cir.1966), citing Russell
16 v.United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208
17 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954).  Therefore, it is likely that
18 plaintiff can bring this action only on his own behalf.  This action, therefore, will not presently be
19 construed as a class action and, instead, will proceed as an individual civil suit brought by
20 plaintiff.
21    Third, if plaintiff seeks to challenge the duration of his confinement, plaintiff
22 must proceed by way of a petition for writ of habeas corpus:

> Federal law opens two main avenues to relief on complaints related
> to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254,
> and a complaint under the Civil Rights Act of 1871, Rev. Stat.
> 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of
> any confinement or to particulars affecting its duration are the
> province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,
> 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief

turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Fourth, plaintiff himself references the tentative conclusions of the three-judge panel addressing the state's overpopulated prisons. Complaint, p. 5. See Coleman v. Schwarzenegger, 2009 WL 33090 (E.D. Cal. Feb. 9, 2009). That panel has now issued its conclusions with regard to both the "woefully and constitutionally inadequate" medical and mental health care available to California prisoners and "the unprecedented overcrowding of California's prisons." Coleman v. Schwarzenegger, 2009 WL 2430820 *1 (E.D. Cal. Aug. 4, 2009). It appears that the allegations of plaintiff's putative complaint, such as they are, would be subsumed within or mooted by the Coleman class action, at least in regards to any claim for injunctive relief.[3] See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991) ("[i]ndividual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("[t]o allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

In this case, plaintiff also seeks money damages, although in an unrealistic amount. Where money damages are sought, an individual who is a class member of a class action may proceed on an individual suit. McNeil v. Guthrie, 945 F.2d at 1166 n. 4. In order to do so, plaintiff will have to set forth cognizable claims of his individual constitutional rights having been violated by the defendants. Plaintiff is cautioned that the Civil Rights Act under which this action was filed provides as follows:

---

[3] It also appears a state prisoner plaintiff may be barred from seeking injunctive relief under the ADA by the Armstrong consent decree. See Crayton v. Terhune, No. 98-4386 2002 WL 31093590, at *4 (N.D.Cal. Sept. 17, 2002) (in turn, citing Armstrong v. Davis, et al., No. CV 94-2307 CW (N.D.Cal.)).

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The complaint will be dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not

sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in dismissal of this action.

\\\\\

1  4. Plaintiff's June 22, 2009 (docket # 8), motion for the appointment of counsel
2 is denied.
3 DATED: September 8, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
biag1401.bnf